MISSOURI STATE LIFE INSURANCE COMPANY v. CRANFORD.

## Opinion delivered December 24, 1923.

1. INSURANCE—INCONTESTABILITY.—A life insurance policy containing a provision that it shall be incontestable after a specified time cannot be contested by the insurer on any ground not excepted in that provision.

2. INSURANCE—INCONTESTABILITY—REASONABLENESS OF PERIOD.—A provision that a life insurance policy shall be incontestable after a specified time is valid where the time allowed for the investigation is a reasonable period.

3. INSURANCE—EFFECT OF DEATH OF INSURED—TIME OF CONTEST.—A provision in an insurance policy making it incontestable after the lapse of a specified time does not cease to operate when the insured dies within the time specified, but continues thereafter for the benefit of the beneficiary; and therefore, if contest is not instituted within the time specified, it is too late.

4. INSURANCE—CONTEST WITHIN YEAR.—A provision that a life insurance policy shall be incontestable after one year contemplates that the insurer shall, within that period, either file an answer or institute an action to cancel the policy, or, in default thereof, be barred from contesting the policy.

Appeal from Little River Circuit Court; *B. E. Isbell,* Judge; affirmed.

### STATEMENT OF FACTS.

This is a suit brought by the wife against a life insurance company to recover the amount of two policies of life insurance for the sum of $1,500 each, issued to her husband.

It appears from the record that on the 29th day of May, 1918, the Missouri State Life Insurance Company issued two policies of life insurance in the sum of $1,500 each to Burrel A. Cranford, and Ida D. Cranford, his wife, was named as the beneficiary in each policy. The insured died on January 6, 1919. Each policy carried the following clause:

"Unrestricted, and after one year incontestable, as follows:

"This policy is free from conditions as to residence, occupation, travel or place of death, in times of peace,

and shall be incontestable after one year if the premiums are duly paid, except for violation of the provisions relating to military or naval service in time of war.''

On May 27, 1919, separate suits were instituted by the wife against the insurance company on the policies. The complaint alleges that the insured died on the 6th of January, 1919, and that notice and proof of death was given to the company, as provided by the terms of the policies, and that demand for the payment of the amount of each policy was made upon the company, and that on the 25th day of March, 1919, the company denied liability on said policies.

The insurance company filed an answer to each suit on the 26th day of June, 1919. Payment of the policies was defended on the ground that the insured had made certain fraudulent representations to the company in his application for the insurance, which were false, and which induced the company to issue the policies.

The cases were consolidated for the purposes of trial. At the first trial the jury failed to agree, and was discharged from further consideration of the case. The cases were continued until the next term of the court. At the next term of the court a mistrial resulted from the serious illness and physical inability of one of the jurors selected to try the case.

Subsequently, on July 4, 1922, the plaintiff filed an amendment to her complaint. Among other things she set up the incontestable clause above quoted, and alleged that the defendant did not, within one year from the date of the policies, contest the same, and that it is, by the terms of the policies, forever barred and estopped from contesting the same.

The defendant filed an answer in each case, in which it admits that each policy of insurance contains an incontestable clause in the language set out in the complaint, and the language of the clause is again set out in the answer. The answer admits the issuance of the policies on May 29, 1918; that the insured died January 6, 1919,

and that in sixty days thereafter notice of the death of the insured was given to the defendant; but it denies that the defendant is, by the terms of said policies, barred from contesting the same.

The answer further alleges that the actions were commenced on the 27th day of May, 1919, within one year from the date of the policies sued on, and for that reason that the incontestable clause is not applicable.

The defendant, further answering, states that on the 25th day of March, 1919, which was within one year from the date of the policies sued on, the defendant notified the plaintiff that it did not recognize any liability on said policies, on account of the fraud practiced upon it by the insured in the procurement of the policies.

The plaintiff demurred to the amended answer, and the demurrer was sustained by the court. The defendant elected to stand upon its amended answer in each case, and refused to plead further. Judgment was thereupon rendered in favor of the plaintiff for the amount sued for, and to reverse that judgment the defendant has duly prosecuted an appeal to this court.

*Lake & Lake, A. P. Steel, J. S. Steel,* for appellant.

The incontestable provision in the policies does not apply, since the death of the insured occurred and suit was commenced within the contestable period. The rights of all parties became fixed by the death of the insured, and it was unimportant that answer was not filed within the contestable period to the suit, which was filed only two days before the expiration of that period. Since the rights and liabilities had become fixed by the death of the insured within the contestable period the defense of fraud was available at any time thereafter. 157 Ark. 499 and cases cited; 108 Ark. 511. However, the real contest began within the contestable period, when appellant denied liability on the policies and tendered the amount of premiums paid and demanded the return of the policies. This was affirmative action on the part of appel-

lant, and affirmative action is all that is required.  280 Fed. 18; 219 Ill. App. 467; 20 S. E. 517.

*A. D. DuLaney, Paul Jones* and *Jas. D. Head,* for appellee.

The incontestable clause of the policy is a sweeping provision and covenant on the part of the company that, if the premiums are paid, the policy "shall be incontestable after one year," with an exception as to military or naval service.  Such clauses are to be construed literally.  108 Ark. 511.  The contract is between the beneficiary and the company, and he has a vested interest in the policy of which he cannot be deprived except by some act in violation of a condition of the policy.  14 R. C. L., p. 1438, § 601.  See also 134 Ark. 245; 146 Ark. 140; 106 Ark. 91.  The word "incontestable" has been construed many times, for which see the following:  43 Hun 61, 118 N. Y. 237; 144 Iowa 451; 101 N. E. 289; 92 S. E. 706; 160 Pac. 928; 121 N. E. 315; 183 N. W. 1000; 238 S. W. 534; 131 N. E. 108; 46 S. W. 561; 23 N. E. 186.  If a contest was to be made, it must be done within a year, either by affirmative action for cancellation, or by defense to a suit on the policy.  121 N. E. 314; 101 N. E. 289; 46 S. W. 561, and other cases cited above.  The cases relied upon by appellant, 108 Ark. 511 and 157 Ark. 499, are out of harmony with other cases, and should be overruled. That rights of parties are not fixed by death, see *Mutual Life Ins. Co.* v. *Hurni Packing Co.,* 260 U. S. 712.

HART, J., (after stating the facts).  Each of the policies of insurance sued on was issued by the defendant on the 29th day of May, 1918, and the insured, Burrel A. Cranford, died on the 6th day of January, 1919. Proof of death of the insured was given to the defendant by the wife, who was the beneficiary in each policy.  Payment was refused by the company on the ground that the insurance had been procured by false representations of a material character which had been made by the insured in his application for the purpose of procuring the policies of insurance.

No answer was filed to the present suit within one year after the date of the insurance policies, and no suit has been brought by the insurance company to set aside the contract of insurance because it had been procured by fraudulent representations on the part of the insured.

Thus it will be seen that the sole issue raised by the appeal depends upon the construction to be given the incontestable clause, which is set out in full in our statement of facts. In substance it provides that the policies shall be incontestable after one year, if the premiums are duly paid, except for the violation of the provision relating to military or naval service in time of war. The modern rule is that a life insurance policy containing a provision that it shall be incontestable after a specified time cannot be contested by the insurer on any ground not excepted in that provision. It is said that the practical and intended effect of such a stipulation is to create a short statute of limitations. By the stipulation, the insurance company agreed that it would take a year to investigate and determine whether it would contest the policies of insurance, and that, if it failed within that time to discover any grounds for contesting the same, it would make no further investigation and would not thereafter contest the validity of the policies.

It has been uniformly held that a provision of this kind is valid where the time allowed for the investigation is a reasonable period. Policies of insurance are prepared by the insurance companies, and the insured has no voice in their preparation. Clauses of this kind are evidently inserted in insurance policies by the insurer for the mutual advantage of both the insurer and the insured. It has been well said that such a provision is reasonable and proper because it gives the insured a guaranty against expensive litigation to defeat his policy after the lapse of the time specified, and at the same time gives the company a reasonable time and oppor-

tunity to ascertain whether the contract should remain in force. Such a stipulation is not against public policy as tending to put fraud on a par with honesty. On the contrary, the stipulation recognizes fraud and all other defenses, but provides a reasonable time in which they may be, but beyond which they may not be, established. Therefore it is in the nature of and serves a similar purpose as a statute of limitations, the wisdom of which has been universally recognized.

As said by Judge MITCHELL in *Mareck* v. *Mutual Reserve Fund Life Assn.*, 62 Minn. 39, an incontestable clause is inserted in the contract by the company itself and is written there for a purpose. After holding such a stipulation to be valid, the learned judge said: "To the layman the present contest would, as plaintiff's counsel suggests, appear very much like a contest over an incontestable policy." Numerous other cases from the various courts of last resort in the United States are cited in a case note to 6 A. L. R. at p. 453. Among these we cite the following: *Arnold* v. *Equitable Life Assur. Soc.*, 228 Fed. 157; *Great Western L. Ins. Co.* v. *Snavely,* 206 Fed. 20, 46 L. R. A. (N. S.) 1057; *Dibble* v. *Reliance L. Ins. Co.,* 170 Cal. 199, Ann. Cas. 1917-E, p. 34; *Prudential Ins. Co.* v. *Lear,* 31 App. D. C. 184; *Massachusetts Ben. Life Asso.* v. *Robinson* (Ga.), 42 L. R. A. 261; *Weil* v. *Federal L. Ins. Co.* (Ill.), Ann. Cas. 1915D, p. 974; *Indiana Nat. L. Ins. Co.* v. *McGinnis* (Ind.), 45 L. R. A. (N. S.) 192; *Kansas Mut. L. Ins. Co.* v. *Whitehead* (Ky.), 13 Ann. Cas. 301; *Mutual L. Ins. Co.* v. *New* (La.), 27 L. R. A. (N. S.) 431; *Reagan* v. *Union Mut. L. Ins. Co.* (Mass.), 2 L. R. A. (N. S.) 821; *Harris* v. *Security L. Ins. Co.* (Mo.), Ann. Cas. 1914C, p. 648; *Drew* v. *Metropolitan L. Ins. Co.* (N. J.), 75 Atl. 167; *Wright* v. *Mutual Ben. Life Assn.* (N. Y.), 6 L. R. A. 731; *American Trust Co.* v. *Life Ins. Co.* (N. C.), 92 S. E. 706; *Murray* v. *State Mut. L. Ins. Co.* (R. I.), 53 L. R. A. 742; *Metropolitan Life Ins. Co.* v. *Peeler* (Okla.), 6 A. L. R. 441; *Supreme Lodge of Knights of Pythias* v. *Overton*

(Ala.), 16 A. L. R. 649; *Philadelphia L. Ins. Co.* v. *Arnold* (S. C.), Ann. Cas. 1916C, p. 706; *Clement* v. *New York L. Ins. Co.* (Tenn.), 42 L. R. A. 247; and *Patterson* v. *Natural Premium Mutual L. Ins. Co.* (Wis.), 42 L. R. A. 253.

That too is the effect of a recent holding of the Supreme Court of the United States in *Mutual Life Insurance Company* v. *Hurni Packing Company,* 260 U. S. 712. In that case the court said that, while the contract of insurance is with the insured, nevertheless it is for the use of the beneficiary, and that there is no reason to say that the incontestable clause is not meant for his benefit as well as the benefit of the insured. The court further said that it is for the benefit of the insured during his lifetime, and upon his death immediately inures to the benefit of the beneficiary. In that case it was contended by the petitioner (the insurance company) that, if the insurer died during the period of the time mentioned in the incontestable clause, that clause is not applicable. On this point the learned judge said: "In order to give the clause the meaning which the petitioner ascribes to it, it would be necessary to supply words which it does not at present contain. The provision plainly is that the policy shall be incontestable upon the simple condition that two years shall have elapsed from its date of issue; not that it shall be incontestable after two years if the insured shall live, but incontestable without qualification and in any event."

Counsel for the insurance company in that case cited *Jefferson Standard Life Ins. Co.* v. *Smith,* 157 Ark. 499, to sustain his view. The Supreme Court of the United States said that the incontestable clause under review in that case was unlike the one passed on by it. There the clause was, "after this policy shall have been in force for one full year from the date hereof, it shall be incontestable," etc. The Supreme Court of the United States said that the decision seems to have turned on the use of the words, "in force," which contemplated the

continuance in life of the insured during that year. Without approving or disapproving the distinction, we are content to place our decision in the case at bar upon the uniform current of authority upon the question, including the decision of the Supreme Court of the United States. It is to the advantage and convenience of both the insured and the insurer that there should be uniformity in policies of insurance, both in form and in the interpretation of the language used in the policies.

The insurance policies sued on were issued on the 29th of May, 1918, and the suits were brought on the 27th of May, 1919. On June 26, 1919, the defendant filed answers to the complaints. Hence it is contended by the defendant that, inasmuch as the suits were filed within a year after the date of the issuance of the policies and the defendant answered within the time allowed to do so under the statute, the allegations of its answer related back to the date of the filing of the complaints, and constituted a contest by it within the period of time named in the incontestable clause.

The forms of insurance policies are prepared by the company, from its previous knowledge and experience, and, where the language used is ambiguous or doubtful, it must be given the strongest interpretation against the insurer which it will reasonably bear. *Eminent Household of Columbian Woodmen* v. *McCray,* 156 Ark. 300.

We have already seen that the incontestable clause is held valid, not for the purpose of upholding fraud, but for the purpose of shutting off expensive and harassing defenses based upon fraud after the lapse of a reasonable time. This view does not exclude consideration of fraud, but allows the parties to fix by stipulation the length of time within which the fraud of the insured can operate to deceive the insurer. Incontestable means not contestable. A contest, in law, implies an adversary proceeding in which matters in controversy may be settled by the courts upon issue joined. The great body of policyholders are persons who are not learned in the law and

who have no knowledge of the judicial construction of pleadings.

In the application of the rule just announced, we think the natural and most reasonable view is to hold that the insurer has not contested the policy until it has acted in the premises. The contract provides that the policy shall be incontestable after one year, and no action on the part of the insured or of the beneficiary can relieve the company of its duty to act. In order to contest the policy it was required to file an answer to the suit brought by the beneficiary within one year, or to have instituted an action of its own in equity to cancel the policy on the ground of fraud. In short, we are of the opinion that, construing the clause in the light most favorable to the insured, no contest was made in the case at bar until the insurance company filed an answer, in which it averred that the contract should be set aside on the ground of the fraud of the insured in procuring it. Having waited until a year had elapsed before it elected to contest on this ground, the company is barred of relief under its own contract.

The judgment will therefore be affirmed.

McCULLOCH, C. J., (dissenting). The incontestable clause in an insurance policy is valid, according to the great weight of authority, as shown by the numerous cases cited in the opinion of the majority. The present case does not, however, involve that question, but the particular question involved is whether or not the death of the insured within the contestable period affects the operation of the provision so as to permit the insurance company, after the expiration of the time specified in the policy, to plead, in an action instituted by the beneficiary, defenses which would otherwise be cut off by the incontestable clause, or whether liability under the policy must be actually contested by proceeding in court within the time specified, regardless of the time of the death of the insured. We have already decided that precise question in the recent case of *Jefferson Standard Life*

*Insurance Co.* v. *Smith,* 157 Ark. 499, which is, in effect, overruled by the majority in the present case. This question has arisen in but few cases, and has been decided in accord with the present view of the majority of this court in the States of Illinois, Indiana, Missouri, Oklahoma, and North Carolina, and by the Supreme Court of the United States. *Monahan* v. *Metropolitan Life Ins. Co.,* 283 Ill. 136; *Ebner* v. *Ohio State Life Ins. Co.,* 69 Ind. App. 32; *Lavelle* v. *Metropolitan Life Ins. Co.,* 238 S. W. (Mo. App.) 504; *Reliance Life Ins. Co.* v. *Thayer,* 203 Pac. (Ok.) 190; *Hardy* v. *Phoenix Mutual Life Ins. Co.,* 104 S. E. (N. C.) 166; *Mutual Life Ins. Co.* v. *Hurni Packing Co.,* 260 U. S. 712.

The Indiana and Missouri decisions were not rendered by courts of last resort, but by intermediate courts. The Supreme Court of Minnesota has repeatedly held to the contrary, and in accord with our own decision in *Jefferson Standard Life Ins. Co.,* v. *Smith, supra*; *Bankers' Reserve Life Ins. Co.* v. *Omberson,* 123 Minn. 285; *Mutual Life Ins. Co.* v. *Stevens,* 195 N. W. (Minn.) 913.

The last of the Minnesota cases cited above is identical with the facts in the *Jefferson Standard Life Ins. Co.* v. *Smith, supra,* and cites the Smith case with approval. In that case the Minnesota court said:

"This brings us squarely to the real question in the case. Is it necessary for the insurer to bring an action before the expiration of the two years, in order to avail himself of the defense set out in the complaint? Does the death of the insured interrupt the running of the two-year period so as to preclude the insurer from asserting the defense of fraud in an action by the beneficiary after the expiration of the fixed period? The better weight of authority as well as of good reason seems to be that the death of the insured fixes the right of the parties under the incontestable clause. * * * We are of the opinion and hold that the incontestability clause ceased to be operative at the death of the insured within the two-year period, and fixes the rights of the parties, and that the insurer may avail itself of the defense of fraud

in an action to recover on the policy when it is brought, even after the expiration of the two-year period."

If we had not already decided the question, I would be willing to follow the weight of authority, notwithstanding my views to the contrary on the construction of this clause of the policy; but, since we have deliberately taken a position on the question, I think we should adhere to it. I am firmly convinced that our decision in *Jefferson Standard Life Ins. Co.* v. *Smith* is sound, and that it adopts the true logic of the situation, which is aptly expressed in the opinion in that case, as well as in the Minnesota case of *Mutual Life Ins. Co.* v. *Stevens, supra.* It is undoubtedly a rule of almost universal application, and one often announced by this court, that the language of an insurance policy is the selection of the insurance company, and, in case of ambiguity, should be given the strongest susceptible interpretation against the company, but that doctrine should not be pushed to the extent of giving a forced or unreasonable interpretation. The word "incontestable" in a policy should be interpreted in its popular sense as referring to a judicial contest of liability in accordance with settled rules of legal procedure, so as to give the insurer the right, during the whole of the specified period, to contest the policy in such mode of procedure. In fact, it is an elemental principle of remedial procedure that a court of equity will not assume jurisdiction when there is a complete and adequate remedy at law, and it is equally well settled that a court of equity will not afford relief in the cancellation of an executory contract for the reason that the remedy at law in the enforcement of liability under a contract or in defense against liability thereunder is adequate. 1 Pom. Eq. Jur., § 221; *Ins. Co.* v. *Bailey,* 13 Wall. 606; *Cable* v. *U. S. Life Ins. Co.,* 191 U. S. 288; *Riggs* v. *Union Life Ins. Co.,* 129 Fed. 207; *Johnson* v. *Swanke.* 128 Wis. 68; *Druon* v. *Sullivan,* 66 Vt. 609; *Mutual Life Ins. Co.* v. *Stevens, supra.*

A policy of insurance is an executory contract until the death of the insured, and a court of equity will afford

relief as long as it is merely executory, but it becomes an executed contract on the death of the insured—fully performed by the insured—and the remedy for its enforcement or in defense against liability thereunder is complete at law. The death of the insured therefore fixes the rights of the parties, and, as said by the Minnesota court, "the insurer may avail itself of the defense of fraud in an action to recover on the policy when it is brought." It is a mistake to say that the death of the insured before expiration of the contestable period, and the possibility of delay beyond that period from the commencement of an action by the beneficiary to recover on the policy, introduces a new element into the controversy which lessens the adequacy of the legal remedy of the insurer so as to call for the interposition of a court of equity. The legal remedy need not be immediate to be adequate, but, on the contrary, it is adequate if it can be invoked against defense for liability when asserted.

The effect of the decision of the majority is, I think, to alter the terms of the contract by shortening the contestable period, and to deny the insurer the right reserved in the policy to contest liability within a year from its date. In the present case the insured died more than four months before the expiration of the contestable period, and this action was instituted by the beneficiary two days before the expiration of that period. Appellant filed its answer within the time allowed by statute, denying liability on the ground of fraudulent misrepresentation of the insured, which answer related back to the filing of the complaint. I think that the defense was presented in apt time, and that the incontestable clause did not apply.

Mr. Justice SMITH concurs in these views.