**GREAT SOUTHERN LIFE INS. CO. v. RUSS.***

(Circuit Court of Appeals, Eighth Circuit. June 5, 1926.)

No. 7116.

**1. Insurance ☞400.**

Clause making life policy incontestable after one year except for nonpayment of premiums *held* valid.

*Rehearing denied October 18, 1926.

**2. Insurance ☞400—Incontestable clause in life policy held to cover false representations and fraud of insured.**

Clause in life policy, making it incontestable after one year except for nonpayment of premiums, is to be liberally construed, and covers false representations and fraud on part of insured.

**3. Insurance ☞400.**

Where policy provides that it shall be incontestable after stated time from "date of issue," time for contest begins to run from date of policy.

**4. Insurance ☞400.**

Incontestable clause in life policy inures to beneficiary, and applies even where period elapses after death of insured.

**5. Insurance ☞631.**

In action on life policy, which was attached to complaint and made part thereof, it was unnecessary to plead incontestable clause separately.

**6. Insurance ☞400—Answer held not to relate back to time of filing complaint as respected contest of policy within one year.**

Where answer in action on policy contesting policy within incontestable clause was not filed within one year after issuance of policy, it did not relate back to time of filing of complaint.

**7. Insurance ☞400.**

Allegation in action on life policy that insurer had refused to pay policy *held* not equivalent to allegation that there was contest as to its validity within incontestable clause.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by Hattie L. Russ against the Great Southern Life Insurance Company. Judgment for plaintiff on the pleadings (6 F.[2d] 940), and defendant brings error. Affirmed.

William A. Vinson, of Houston, Tex., and Charles G. Yankey and John L. Gleason, both of Wichita, Kan., for plaintiff in error.

R. R. Vermilion, Earle W. Evans, Joseph G. Carey, and W. F. Lilleston, all of Wichita, Kan., for defendant in error.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge. Plaintiff in error, defendant below, brings this writ of error to review a judgment entered against it on the pleadings. The action was upon a policy of insurance issued by defendant upon the life of plaintiff's husband. It was brought in the state district court of Sedgwick county, Kan., but was duly removed on the ground of diversity of citizenship.

The complaint was filed April 25, 1923.

It alleged that the policy, a copy of which was attached to the complaint and made a part thereof, was issued on the 3d of June, 1922; that the insured died on the 20th of October, 1922; that proofs of death were furnished on the 4th of January, 1923; that the deceased had performed all of the conditions of the policy on his part to be performed; that defendant failed, neglected, and refused to pay the amount due under the policy.

The policy contained the following clause:

"Incontestability. This policy shall be incontestable after one year from its date of issue, except for nonpayment of premiums, and except, further, that there will be a limited liability as provided in section 14 hereof."

The provisions of section 14 are not here involved.

The answer of the defendant was filed August 4, 1923. It admitted the issuance of the policy on the 3d of June, 1922; alleged that, in the application and amendment thereto, made for the policy, answers to certain questions asked therein had been given by the insured, that the answers were false, that the matters inquired about related to the physical condition of insured, and certain diseases suffered by him, and were material matters. The answer also contained the following paragraphs:

"(10) That said policy of life insurance and said amendment of application were delivered to the insured on or about the 6th day of July, 1922, and said insurance under said policy of insurance was not to be effective or in force until after the delivery of said policy of insurance and the execution of the application, and upon condition that the assurances, statements, and agreements contained in said original application and said amendment of application were true at the time of the making of same, and that the same continued to be true at the time of the delivery of said policy and more particularly that no change had occurred in the insured's family history or in his condition as regards insurability since the original application was made, and that the insured was in good health at that time, to wit, the time of the delivery of the policy.

\*      \*      \*      \*      \*

"(18) Defendant alleges that heretofore and on or about the 14th day of June, 1923, and after ascertaining the facts as herein alleged, it offered and tendered to the plaintiff the return of all money paid by the insured and the total amount of the premium purported to have been paid, together with interest thereon in order to rescind and set aside the fraudulent transaction which had been consummated and perpetrated by the plaintiff and insured upon the defendant and offered to repay to the plaintiff all of such benefits received by the defendant on account of and through the issuance of said policy, and that at said time and to this time the plaintiff refuses to accept the return of said premium and interest thereon, and refuses to rescind and cancel said contract, and the defendant at this time still offers and tenders to the plaintiff the said amount and interest and offers to pay into court or to any one the court may direct at this time or at any time thereafter, all of such money paid by the insured or plaintiff and all legal interest thereon.

"(19) This defendant alleges that the said policy of insurance is utterly void and of no force and effect, as the same was obtained through fraud and misrepresentations and in breach of the agreements made by the insured as hereinbefore alleged, and that by virtue of the breaches of such agreements and of such fraud plaintiff is not entitled to recover anything thereon."

An amendment to the answer was also filed, making more specific the allegations in regard to the ailments with which the insured was alleged to be afflicted.

A reply was interposed, admitting that the insured had made the application and amendment thereto in writing, and had been examined by a medical examiner of the defendant, and denying in general the other allegations of the answer.

The assignments of error challenge the correctness of the action of the court in granting plaintiff's motion for judgment on the pleadings. A number of questions are involved, but they all center around the "incontestable clause" above quoted.

The following propositions are no longer open to debate:

[1] (1) That the incontestable clause is valid. 37 C. J. 539; Mut. Ins. Co. v. Hurni Co., 280 F. 18 (C. C. A. 8), affirmed 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Mo. State Life Ins. Co. v. Cranford, 161 Ark. 602, 257 S. W. 66, 31 A. L. R. 93, where a large number of cases are collected.

[2] (2) That the clause is to be construed liberally, and as covering false representations and fraud on the part of the insured. Mut. Ins. Co. v. Hurni Co., supra; Mut. Res. Fund Life Ass'n v. Austin, 142 F. 398, 73 C. C. A. 498, 6 L. R. A. (N. S.) 1064; Great Western Life Ins. Co. v. Snavely, 206 F. 20, 124 C. C. A. 154, 46 L. R. A. (N. S.) 1056;

Ramsey v. Old Colony Life Ins. Co., 297 Ill. 592, 131 N. E. 108.

[3] (3) That, where the policy provides that it shall be incontestable after stated time from "date of issue," the time for contest begins to run from the date of the policy. Mut. Ins. Co. v. Hurni Co., supra.

[4] (4) That the clause inures to the beneficiary of the policy and applies even where the period elapses after the death of the insured. Mut. Ins. Co. v. Hurni Co., supra; Jefferson Standard Life Ins. Co. v. M'Intyre (C. C. A.) 294 F. 886; Humpston v. State Mut. Life Assur. Co., 148 Tenn. 439, 256 S. W. 438, 31 A. L. R. 78; Mo. State Life Ins. Co. v. Cranford, supra; Priest v. K. C. Life Ins. Co., 119 Kan. 23, 237 P. 938, 41 A. L. R. 1100. See note, 31 A. L. R. 108.

[5, 6] The controversy in the instant case is thus narrowed down to the inquiry whether the pleadings taken together disclosed a failure on the part of the insurance company to contest the policy within one year from June 3, 1922.

The policy was attached to the complaint and made a part thereof. It was therefore not necessary to plead the incontestable clause separately. Hardy v. Phœnix Mut. Life Ins. Co., 180 N. C. 180, 104 S. E. 166.

We do not think it necessary to a decision of the present case to discuss the question upon which there appears to be conflict of authority, whether the "contest" contemplated by the policy must be one in court proceedings or may be entirely outside. For opposing views, see Mut. Ins. Co. v. Hurni Co., supra; Jefferson Standard Life Ins. Co. v. M'Intyre, supra; N. W. Mut. Life Ins. Co. v. Pickering (C. C. A.) 293 F. 496; Scharlach v. Ins. Co. (C. C. A.) 9 F.(2d) 317; Priest v. K. C. Life Ins. Co., supra.

Whichever view be taken, we think the pleadings disclose no contest within the time limited. If the "contest" must be in court proceedings, then the filing of the defendant's answer on August 4, 1923, was the beginning of such contest. This was more than a year after the date of the policy, June 3, 1922.

Defendant contends that its answer, though not filed until August 4, 1923, should be held to relate back to the time of filing of the complaint, April 25, 1923, and that therefore the "contest" was commenced within the year. No authority is cited for holding that the answer should be considered as relating back to the time of filing the complaint, and we think this contention is without merit.

If the "contest" may consist of affirmative action taken outside of court proceedings (and we think that this court is committed to that view, see Hurni Case, supra), then defendant fares no better. The eighteenth paragraph of the answer above quoted sets out clearly the discovery by defendant of the alleged fraud and the action taken to rescind the policy. The date set out is June 14, 1923. This was eleven days after the expiration of the period limited for contest.

[7] The defendant contends that the allegation in the plaintiff's complaint that the defendant had refused to pay the policy shows that a contest had been made prior to the date of filing of plaintiff's complaint; and therefore within the year. We cannot agree with this contention. The allegation that the defendant had refused to pay the policy was not equivalent to an allegation that there was a contest as to its validity. The defendant might have refused to pay the policy on many grounds, among others, that it did not have sufficient funds on hand with which to make payment.

Our conclusion is that the trial court was correct in holding that the answer of defendant set up no available defense, and that plaintiff was entitled to judgment on the pleadings.

Judgment affirmed.