AMERICAN NATIONAL INSURANCE Co. *v.* STUTCHMAN.

4-7536                                                185 S. W. 2d 284

Opinion delivered February 19, 1945.

*Mark E. Woolsey,* for appellant.

*Carter & Taylor,* for appellee.

MILLWEE, J. Appellant, American National Insurance Co., filed this suit in chancery court for cancellation of two insurance policies upon the life of R. E. Stutchman in which appellee is the beneficiary. The complaint was filed on April 17, 1944, and contained substantially the following allegations: That each of said policies provided that it should become effective on the date of issue, April 19, 1943, and then only if insured was in sound health; that upon said date insured was not in sound health, and for this reason the policies did not become effective; that the insured died December 17, 1943, and appellee, as beneficiary, had made demand upon appellant for payment of the policies and was still insisting upon payment; that upon learning that insured was not in sound health upon

the date of issue of said policies, appellant notified appellee of this fact, tendered to her the full amount of premiums paid, and requested her to release it from further obligation upon the policies; that appellee refused to accept said tender and was still insisting upon the payment in full of each policy.

It was further alleged that each of said policies expressly provided that it should become incontestable after one year from its date except (1) for nonpayment of premiums, (2) for provisions relating to the double or triple accidental death benefits, or (3) with respect to conditions thereof relating to military or naval services of any country at war; that after the expiration of said period of one year the appellee would commence suit against appellant for the collection of the face amount of said policies; and that appellant would have no adequate remedy at law.

Thereafter appellee filed a pleading designated "Demurrer, Answer, and Cross-complaint." The demurrer alleges that the complaint does not state facts sufficient to constitute a cause of action or to entitle the appellant to have said policies canceled, and that it does not state facts sufficient to give the court jurisdiction. On June 19, 1944, the chancery court entered its decree sustaining the demurrer and dismissing appellant's complaint. Appellant has appealed from this decree.

Appellee relies upon the case of *Jefferson Standard Life Insurance Co.* v. *Smith,* 157 Ark. 499, 248 S. W. 897, to uphold the action of the trial court in sustaining her demurrer to the complaint of appellant. In that case the incontestable clause contained in the policy sued on was as follows: "After this policy shall be *in force* for one year from the date hereof, it shall be incontestable for any cause except for the nonpayment of premiums." The policy had been issued on April 15, 1920, the insured died on March 5, 1921, and the company brought suit for cancellation April 13, 1921. This court held that the trial court should have dismissed the suit for the reason that the death of the insured fixed the rights and liabilities of the parties. Under this view the appellant in the instant

case would have a right to set up the unsound health of the insured at the time of the delivery of the policy as a defense at any time suit might be brought by appellee for recovery upon the policies, and the remedy at law would be adequate.

The incontestable clause in the case at bar is not like the one under consideration in the case of *Jefferson Standard Life Insurance Co.* v. *Smith, supra,* but is of the type involved in *Missouri State Life Ins. Co.* v. *Cranford,* 161 Ark. 602, 257 S. W. 66, 31 A. L. R. 93. The policies herein contain the following provisions: "This policy shall become incontestable after one year from its date except (1) for nonpayment of premiums, (2) for provisions relating to the double or triple accidental death benefit or loss of hand, foot or sight benefit, or (3) with respect to conditions hereof relating to military or naval service of any country at war." Many decisions have noted the difference between the type of incontestable clause found in the case of *Jefferson Standard Life Ins. Co.* v. *Smith, supra,* which provides that after a policy shall have been "in force" for a specified time it shall become incontestable, and the type which merely provides that after a certain definite time the policy shall become incontestable, as in the instant case. In the first type the death of the insured within the contestable period puts an end to the incontestable clause on the theory that the words "in force" contemplate that the insured shall remain alive during the contestable period. In the case of policies involving the second type, the death of the insured within the contestable period does not affect the incontestable clause, but same continues in operation for the benefit of the beneficiary. The distinction between the two clauses has been pointed out by the courts in a number of cases including *Mutual Life Insurance Co.* v. *Hurni Packing Co.,* 263 U. S. 167, 68 L. Ed. 235, 44 S. Ct. 90, 31 A. L. R. 102; *Monahan* v. *Metropolitan Life Insurance Co.,* 283 Ill. 136, L. R. A. 1918D, 1196, 119 N. E. 68; *Humpstan* v. *State Mutual Life Assur. Co.,* 148 Tenn. 439, 256 S. W. 438, 31 A. L. R. 78;

and *Priest* v. *Kansas City L. Ins. Co.*, 119 Kan. 23, 237 Pac. 938, 41 A. L. R. 1100.

In the case of *Missouri State Life Ins. Co.* v. *Cranford, supra,* this court has adopted the majority rule that where a life insurance policy provides that after a certain definite time it shall be incontestable, except for certain defenses, the death of the insured within the contestable time does not put an end to the incontestable clause, but said clause continues to be operative for the benefit of the beneficiary. In that case the two policies of insurance were issued on the 29th day of May, 1918, and contained one year incontestable clauses of the type involved in this action. The insured died January 6, 1919, which was prior to the expiration of the one year contestable period. Suits on said policies were commenced on May 27, 1919. The company filed its answers June 26, 1919, within the time prescribed by statute for filing answers, alleging fraudulent representations to the company by the insured in obtaining the issuance of the policies. The plaintiff demurred to the defense pleaded by the company in its answer and this demurrer was sustained by the trial court. The company elected to stand upon its answer and refused to plead further. Judgment was thereupon rendered in favor of the plaintiff and the company appealed to this court. This court in an opinion by Mr. Justice HART, affirmed the decision of the trial court and held that because of the incontestable clause, the company was precluded from contesting the policies after the expiration of one year. In that opinion, it was said:

"No answer was filed to the present suit within one year after the date of the insurance policies, and no suit has been brought by the insurance company to set aside the contract of insurance because it had been procured by fraudulent representations on the part of the insured.

"Thus it will be seen that the sole issue raised by the appeal depends upon the construction to be given the incontestable clause, which is set out in full in our statement of facts. In substance it provides that the policies

shall be incontestable after one year, if the premiums are duly paid, except for the violation of the provision relating to military or naval service in time of war. The modern rule is that a life insurance policy containing a provision that it shall be incontestable after a specified time cannot be contested by the insurer on any ground not excepted in that provision. It is said that the practical and intended effect of such a stipulation is to create a short statute of limitations. By the stipulation, the insurance company agreed that it would take a year to investigate and determine whether it would contest the policies of insurance, and that, if it failed within that time to discover any grounds for contesting the same, it would make no further investigation and would not thereafter contest the validity of the policies.''

It was then concluded that the company, having waited until a year had elapsed before it elected to contest the policy on the ground alleged, was barred of relief under its own contract.

Since the incontestable clause in the instant case is of the type construed by this court in *Missouri State Life Insurance Company* v. *Cranford, supra,* appellant had no remedy to contest the policies herein upon the ground alleged after expiration of the one year period. The policies having been issued on April 19, 1943, would have become incontestable on April 19, 1944. Appellant was, therefore, without adequate remedy at law and had no other recourse except to file its suit in equity for cancellation of the policies.

It follows that the learned chancellor erred in sustaining the demurrer to the complaint and this cause is reversed and remanded with directions to overrule said demurrer.