THE PRUDENTIAL INSURANCE COMPANY *v.* RUBY, TRUSTEE.

4-9626                                         244 S. W. 2d 491

Opinion delivered December 17, 1951.

*Rose, Meek, House, Barron & Nash,* for appellant.

*Carlos B. Hill, C. D. Atkinson* and *Chas. W. Atkinson,* for appellee.

ED. F. McFADDIN, Justice. In this appeal we are asked to construe, under the laws of the State of Utah, a clause in a life insurance policy which reads: "This policy shall be incontestable, except for default in payment of premium for more than thirty-one days, after it has been in force during the lifetime of the insured for two years from date of issue hereof."

On October 21, 1947, the appellant, Prudential Life Insurance Company, hereinafter called "Insurance Company", issued to the insured, Freeda L. McLain, in Salt Lake City, Utah, a life insurance policy which contained the above quoted clause referred to herein as "the incontestable clause". The beneficiaries named in the said policy are the appellees in this appeal. The insured died in Salt Lake City, Utah, on December 29, 1947. Some of the beneficiaries live in Washington County, Arkansas; and on February 23, 1951, all of the beneficiaries as plaintiffs, filed the present action seeking to recover on the policy.

The Insurance Company, in paragraphs three to seven, inclusive, of its answer, alleged in detail that in her application for the policy, the insured made certain material answers in regard to her health, etc., which answers were known by the insured to be false, willful, fraudulent and material; that the Insurance Company would not have issued the policy if it had known the truth; that with due diligence the truth was not learned until after the death of the insured; and that the return of all premiums had been tendered to the plaintiffs on March 30, 1948. The plaintiffs demurred to the said paragraphs three to seven, inclusive, of the defendant's answer, and moved that the said paragraphs be stricken, because of the said incontestable clause previously copied. The Trial Court granted the motion over defendant's

objection; and likewise upon trial the Court refused the defendant the right to introduce evidence in support of the matters stated in the said paragraphs three to seven of the answer. From a judgment for the plaintiff-beneficiaries the Insurance Company brings this appeal.

Both sides agree that the insurance contract is to be construed according to the laws of the State of Utah, because the contract was made in that State. In *Howcott v. Kilbourn*, 44 Ark. 213, we said: "Matters bearing upon the execution, the interpretation and validity of the contract are to be determined by the law of the place where it is made." In *J. R. Watkins Medical Co. v. Johnson*, 129 Ark. 384, 196 S. W. 465, after quoting the language from *Howcott v. Kilbourn* we added: "It is to be noticed that the rule extends to the interpretation of the contract, as well as to other questions relating to its enforcement, and that the interpretation placed upon the contract by the courts of the State where it is made will be accepted in other States for the purpose of testing its validity and of affording remedy for its enforcement." See, also, Leflar on Conflict of Laws, § 94. Thus we conclude that the rights of the parties are to be measured by the laws of Utah; and if there be a ruling of the courts of that State on such issue we will follow such ruling.

The chronology of these dates is important.

The policy issued, October 21, 1947;

Insured died, December 29, 1947;

This action filed, February 23, 1951.

Thus, the insured lived less than three months after the issuance of the policy, but the suit was not filed until more than three years after the issuance of the policy or the death of the insured. The appellant insists that under the incontestable clause here involved the policy became incontestable *only* if the insured lived and kept the policy in force for a period of two years; and appellant cites and relies on such cases as *Lance v. Prudential Ins. Co. of America,* (N.J.) 22 Atl. 2d 3; *Carpentieri* v.

*Met. Life Ins. Co.*, 138 Pa. Supr. Ct. 1, 10 Atl. 2d 37; *Sun Life Assur. Co.* v. *Allen,* 270 Mich. 372, 259 N. W. 281; *Chicago Nat. Life Ins. Co.* v. *Carbaugh,* 337 Ill. 483, 169 N. E. 218; *Nat. Life and Acc. Ins. Co.* v. *Preston,* 94 Ga. 483, 22 S. E. 2d 157; *Equitable Life Ins. Co.* v. *Mann,* 229 Ia. 945, 295 N. W. 461 and *Greenbaum* v. *Columbian Natl. Life Ins. Co.,* (C.C.A. 2) 62 Fed. 2d 56.

The appellees insist, and the trial court apparently held, that the incontestable clause, here involved, means that the policy will be incontestable two years from date of its issuance, and that the language in the clause, "in force during the lifetime of the insured", has no direct bearing on the case. In support of their position appellees cite and strongly rely on the case of *Tracy Loan & Trust Co.* v. *Mutual Life Ins. Co.,* decided by the Supreme Court of Utah on January 25, 1932, and reported in 79 Utah 33, 7 Pac. 2d 279, and hereinafter referred to as the "Tracy case". If that cited case supports the appellees' contention then they are entitled to win, so we examine it in considerable detail.

In the said Tracy case the incontestable clause read: "This policy shall be incontestable after two years from its date of issue except for non-payment of premiums." The two policies in that case were issued March 16, 1925. The death of the insured is not given; but action on the policy was filed in the State Court on April 27, 1926. The answer of the Insurance Company—alleging fraud by the insured—was not filed in the State Court until November 20, 1928, which is obviously more than two years after the date of the issuance of the policy. Upon such facts the Supreme Court of Utah held that the defense of the insurance company was too late. In urging that the effect of the holding of the Supreme Court of Utah in the Tracy case necessitates an affirmance in the case at bar, the appellees cite § 43-3-24 of the Utah Code of 1943 which provides:

"It shall be unlawful for any insurance company to issue or deliver in this state any life insurance policy unless the same shall contain . . . (3) a provision that the policy shall be incontestable after it shall have been

in force during the lifetime of the insured for a period of two years from its date, except for nonpayment of premiums . . .''

Appellees argue that the effect of the Utah statute as above quoted was one of the matters that necessarily entered into the decision in the Tracy case. But the appellees' argument, about the Statutes of Utah, loses all force in the light of the following:

1. In the Tracy case the Supreme Court of Utah, in discussing the statutes of that State regarding incontestable clauses, made reference to § 1154, sub-division 2 of the Compiled Laws of Utah of 1917; and such statute reads:

''. . . it shall be unlawful for any . . . insurance company to issue or deliver in this state any life insurance policy unless the same shall contain the following provision . . . (2) A provision that the policy shall be incontestable after two years from its date, except for nonpayment of premiums . . .''

Thus the Supreme Court of Utah decided the Tracy case when the Utah statute was entirely different from the present Utah statute.

2. It was not until the Revised Statute of 1933 that the Legislature of Utah changed § 1154, sub-division 2 of the Compiled Laws of Utah of 1917 to read as found in Title 43-3-24 of the present Code of 1943, and as previously copied.[1]

Thus in the Tracy case the Utah Supreme Court (a) was construing an incontestable clause which did not have in it the words, ''in force during the lifetime of the insured''; and (b) was referring to a statute of Utah

---

[1] It is interesting to note that the Utah Revised Statutes of 1933 were not a mere *compilation* but were an entire *revision*. This fact is set out on Page V in the preface to the 1933 Revised Statutes of Utah; and Title 88 of the 1933 Revision of the Statutes of Utah repealed all clauses in conflict with such revision (with exceptions not here involved). The 1943 Code of Utah is not a revision but a mere compilation, and it follows, verbatim, the 1933 revision regarding the statute here involved. Furthermore the 1947 Legislature of Utah, by Chapter 63, revised all of Title 43 of the Utah Code of 1943; but in § 43-22-1 of Chapter 63 of the Acts of the 1947 Legislature of Utah, the language of § 43-3-24 of the 1943 Code of Utah is reinstated.

which did not have such words in it. So the Tracy case gives the appellees no support and we must look further to determine the law of Utah involving an incontestable clause like the one in the case at bar.

Neither side has cited us to, and we have been unable to find, any case decided by the Supreme Court of Utah, (a) involving an incontestable clause like the one in the case at bar, or (b) involving the 1943 Utah law concerning incontestable clauses. In the absence of a decision of the Utah courts on the point involved, we must therefore apply general legal principles. Such is the rule of comity. *Norris* v. *Dunn*, 184 Ark. 511, 43 S. W. 2d 77. In *Am. Ry. Express* v. *Davis*, 152 Ark. 258, 238 S. W. 50, 52, 1063, we said: ". . . therefore the case must be determined according to general principles of law as declared in the adjudicated cases in this and other states." See 50 Am. Jur. 316. See, also, American Law Institute's Restatement of the Law on "Conflict of Laws", § 621, wherein this language appears: "If, however, the courts of the enacting state have not interpreted the statute, the court at the forum will make its own construction". The rule is: that in interpreting a contract, the *lex loci contractus* governs; but if there be no decision on the point by the courts of the *lex loci contractus* then the court of the forum interprets and construes the contract by determining the *lex loci contractus* through general principles of law including applicable adjudications of the law of the forum. This we now proceed to do.

As far as we can ascertain all jurisdictions which have passed on the question recognize the important distinctions that necessarily arise from the wording of incontestable clauses. In *Jefferson Standard Life Ins. Co.* v. *Smith*, 157 Ark. 499, 248 S. W. 897 the incontestable clause read: "After this policy shall be in force for one year from date hereof, it shall be incontestable for any cause except for the nonpayment of premiums"; and we held that the *death of the insured* fixed the rights and liabilities of the parties rather than the *one year from date of issuance*. In *Missouri State Life* v. *Cran-*

*ford,* 161 Ark. 602, 257 S. W. 66, 31 A. L. R. 93, the incontestable clause read: "This policy . . . shall be incontestable after one year if the premiums are duly paid, . . ."; and we held that the expiration of one year from the date of issuance—rather than the death of the insured—ended the company's right to contest.

In *American National Life Ins. Co.* v. *Stutchman,* 208 Ark. 1023, 185 S. W. 2d 284, we discussed the effect of the difference in the wording of incontestable clauses:

"Many decisions have noted the difference between the type of incontestable clause found in the case of *Jefferson Standard Life Ins. Co.* v. *Smith, supra,* which provides that after a policy shall have been 'in force' for a specified time it shall become incontestable, and the type which merely provides that after a certain definite time the policy shall become incontestable, as in the instant case. In the first type the death of the insured within the contestable period puts an end to the incontestable clause on the theory that the words 'in force' contemplate that the insured shall remain alive during the contestable period. In the case of policies involving the second type, the death of the insured within the contestable period does not affect the incontestable clause, but same continues in operation for the benefit of the beneficiary. The distinction between the two clauses has been pointed out by the courts in a number of cases including *Mutual Life Insurance Co.* v. *Hurni Packing Co.,* 263 U. S. 167, 68 L. Ed. 235, 44 S. Ct. 90, 31 A. L. R. 102; *Monahan* v. *Metropolitan Life Insurance Co.,* 283 Ill. 136, L. R. A. 1918D, 1196, 119 N. E. 68; *Humpston* v. *State Mutual Life Assur. Co.,* 148 Tenn. 439, 256 S. W. 438, 31 A. L. R. 78; and *Priest* v. *Kansas City L. Ins. Co.,* 119 Kan. 23, 237 Pac. 938, 41 A. L. R. 1100."

Thus the Arkansas Supreme Court and other courts generally throughout the land have recognized that where the contestable clause merely says a given time "from date of the policy" then such time governs rather than the death of the insured, but where the incontestable clause provides that the policy must remain *in force* for a given time, the policy does not become incontestable

unless such policy remains *in force* for the stated time. In the case at bar the incontestable clause provided not only (a) that the policy must be *in force* for two years; but (b) that the insured *must live* two years from the date of the policy. Certainly under our holding in *Jefferson Standard Life Ins. Co.* v. *Smith, supra,* as reaffirmed in *American National Life Ins. Co.* v. *Stutchman, supra,* the death of the insured within the contestable period did not, after the lapse of two years, prevent the insurance company from setting up the defenses as urged in the case at bar. This holding finds support in the many cases from other jurisdictions as relied on by appellant and heretofore cited in this opinion.

We therefore, conclude that the trial court was in error, (a) in sustaining the plaintiffs' demurrer and motion to strike paragraphs three to seven of the answer of defendant; and also (b) in refusing to allow the defendant to introduce evidence in support of the matters contained in the said paragraphs. Therefore the judgment is reversed and the cause is remanded.

Mr. Justice GEORGE ROSE SMITH not participating.