EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES *v.* KING.

Opinion delivered November 12, 1928.

*W. L. Kincannon* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*U. C. May* and *Evans & Evans,* for appellee.

SMITH, J. On June 18, 1925, the appellant insurance company issued a policy of insurance to appellee in the sum of $2,000. The quarterly premiums in the amount of $28.40 were payable on the 18th day of each September, December, March and June. The policy provided that if the insured became permanently disabled she would be entitled to an annuity to be paid at the rate of $20 per month.

The policy provided that "a grace of thirty-one days, subject to an interest charge at the rate of five

per cent. per annum, will be granted for the payment of every premium after the first, during which period the insurance herein provided shall continue in force.'' The policy also provided that, if it should lapse in consequence of the nonpayment of any premium when due, it might be reinstated at any time upon the production of evidence of insurability satisfactory to the insurance society and the payment of all overdue premiums, with interest at five per cent. per annum. The policy further provided that ''agents are not authorized to modify or, in the event of lapse, to reinstate this policy, or to extend the time for payment of any premium or installment thereof.''

The quarterly premiums due in June and September were duly paid to Miss Ruby McConnell, a resident local agent of the appellant insurance society, hereinafter referred to as the company, and on January 18 or 19, 1926, appellee appeared before Miss McConnell to pay the premium due December 18. Appellee had been making collections of accounts due her, and discovered that she had only $23. This she paid to Miss McConnell, with the remark that she would get the balance of $5.40 that day, if this were required. Miss McConnell replied that this would not be required, as she would have the company execute an extension agreement. It was customary, when extension agreements were issued, to send them direct to the insured. Miss McConnell denied having said that full payment of the quarterly premium would not be required.

The $23 payment was remitted to the State agent of the company at Little Rock, to whom all premium payments were made, and payment of the balance of $5.40 was extended by the State agent to February 18, 1926. Appellee testified that Miss McConnell agreed to notify her when the extension had expired, but that she did not do so.

About March 1, G. C. Farrish, a district agent of the company, discovered that the balance of the premium had not been paid, and he sent his check to the State

agent to cover, with the interest. On March 3 the State agent wrote appellee that a check for $5.51 had been received from Mr. Farrish in payment of the balance due on the December premium, but that the remittance had not been received until after the expiration of the extension agreement, and that appellee would have to sign and return a statement in regard to her then existing health.

This application for reinstatement, dated March 5, was received by the State agent on March 6, and, in consideration of the statements there contained that the insured had had no serious illness during the preceding five years, the policy was reinstated. Appellee thereafter paid the quarterly premiums falling due March 18 and June 18, 1926.

On March 14, 1926, appellee fell and sustained internal injuries, which totally and permanently disabled her, and in June thereafter she made proof of her disability, and asked payment of the $20 per month provided for by the policy.

On August 26, 1926, the company advised appellee that it desired to cancel the policy here in suit because of the alleged false and fraudulent statements of appellee in procuring the reinstatement of the policy in March, and tendered to appellee $87.37 as a return of the premiums paid by her, and in December, 1926, appellant brought this suit to cancel the policy on the ground of the alleged fraud of appellee in procuring the reinstatement.

In the application for the reinstatement appellee was asked to state what illness she had had within the previous five years, and she answered that she had had none, whereas in her proof of disability she stated that she had had an operation for appendicitis on April 11, 1921; had had pneumonia in 1923, and had had an attack of flu in February, 1926.

It is not contended that any of these troubles caused or contributed to appellee's disability, but it is insisted that her false answers in regard thereto induced the

insurance company to reinstate appellee, whereas, if truthful answers had been made she would not have been reinstated.

Appellee testified that, as soon as she was advised that Farrish had paid the balance due on the December premium, she repaid that amount to him, her check therefor being dated March 5, 1926, and when she received the blank application for reinstatement she carried it to Miss McConnell to be filled out, and Miss McConnell performed that service for her. In this connection she told Miss McConnell about her operation, and the attack of pneumonia, and the spell of flu, and supposed her answers had been written into the application, but she signed it without having read it.

Miss McConnell testified that she was a local agent for appellant, and that her duties as such were "to solicit applications and look after the policyholders' needs." She denied that appellee had mentioned to her the operation and the sickness.

The chancellor made a general finding in favor of appellee, and denied the prayer of appellant's complaint to cancel the policy, and ordered the monthly payments to be made as provided in the policy.

Under the facts stated, it is the opinion of the majority—in which the writer does not concur—that this case is controlled by the case of *New York Life Ins. Co.* v. *Adams*, 151 Ark. 123, 235 S. W. 412, and that upon the authority of that case the decree of the chancellor should be affirmed.

In this case, as in the Adams case, the policy sued on provided for a reinstatement, and did not require, as a condition precedent, that the answer in an application to reinstate should be treated as warranties. The reinstatement of appellee was therefore not a gratuity on the part of the company, but was a contractual right, and the company had no authority to enlarge the terms upon which the reinstatement could be obtained, and the answers of the insured can, at most, be treated merely as false representations, and not as a breach

of warranty; indeed, the majority are of the opinion that appellee made no false representations, as she truthfully represented to the company's agent, in making the application for reinstatement, what sickness she had had, and she repeated these statements in her proof of disability in June, 1926. The disability claim reached the company in June, 1926, and it was not until August, 1926, that appellant refused to pay the claim and denied liability therefor, and the suit to cancel the policy was not filed until December 14, 1926. Thus, even though the knowledge of Miss McConnell is not imputed to the company, there was a period of sixty days during which appellant apparently speculated on the probable extent and duration of appellee's injury, without returning or offering to return the premiums she had paid.

The majority are therefore of the opinion that, inasmuch as the company did not, within a reasonable time after the discovery of the alleged false representation, cancel the policy for fraud and return the premiums, it waived the forfeiture, if there had been one, and the decree of the court below so holding was correct. It is therefore affirmed.