LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE
*v.* McCRAY.

4-2929

Opinion delivered March 20, 1933.

*Moreau P. Estes,* for appellant.

*Hill, Fitzhugh & Brizzolara,* for appellee.

McHANEY, J. Appellee is the beneficiary named in a policy of insurance for $500 issued by appellant on the life of her husband, Jonas McCray, dated November 3, 1930, premiums being due and payable semi-annually on May 1 and November 1. The cash premium was paid, but the premium due May 1, 1931, was not paid when due nor within the grace period. The policy provided for a grace period of 30 days for the payment of any premium after the first "during which time the insurance shall continue in force." And further: "If any premium or install-ment of premium be not paid before the end of the period of grace, then this policy shall immediately cease and become void," etc. It further provided that "This policy may be reinstated at any time after default in the pay-ment of any premiums * * * upon production of evidence of insurability satisfactory to the company, the payment or reinstatement of any indebtedness to the company hereon, and the payment of overdue premiums, with in-terest at six per cent. per annum."

The premium due May 1, 1931, not having been paid when due, nor within the period of grace, the policy lapsed, but on August 1, 1931, same was reinstated. There-after, on May 10, 1932, more than one year from the date of the policy, but less than one year from the date of reinstatement, the insured Jonas McCray, committed suicide. The policy contained a suicide clause as fol-lows: "If, within one year from the date of issue of this policy, the insured shall, whether sane or insane, die by his own hand, the liability of the company shall be limited to the amount of the premiums paid hereon."

Proof of death was duly made and payment of the amount due under the policy demanded. Payment was refused, and this suit followed, which was tried before the court on an agreed statement of facts, substantially as above set forth, resulting in a judgment against appel-lant for $500 with interest at 6 per cent. from May 20, 1932, 12 per cent. penalty and attorney's fee of $100 for services in the circuit court, and an additional $100 for services in the Supreme Court, if appealed to that court.

The defense in the circuit court and in this court was and is that appellant was only liable for the premiums paid by the insured (for which amount it offered to confess judgment) for the reason, as it contends, that the clause against suicide within one year ran from the date of reinstatement of the policy, and not from the date of the policy itself. Appellant says: "If the clause began to run from the date of the original policy, the judgment of the lower court was correct." We do not understand there was ever but one policy, and it bore date of November 3, 1930. Certainly there was never but one policy issued by appellant to insured. It lapsed and became void after 30 days, from May 1, 1931, until August 1, 1931, during which time there was no insurance, but on the latter date the very same policy, not a new or different one, was reinstated by the payment of all delinquent premiums and furnishing evidence of insurability satisfactory to appellant. There is no room for the contention that any new or different contract or policy was in force after reinstatement. By agreement between the parties, a forfeiture of the policy was set aside, and the same contract was reinstated. No new policy was issued, and none contemplated. By the express terms of the policy, it is provided that: "If, within one year from the date of issue of this policy, the insured shall * * * die by his own hand, the liability of the company shall be limited to the amount of the premiums paid hereon." It does not provide that the company's liability shall be thus limited if the insured shall die by his own hand within one year from the date of reinstatement, should the policy lapse. Time is to be reckoned "from the date of issue of this policy," not from the date of reinstatement, nor from the date of any other policy. No doubt appellant could have so worded its policy, but it has not seen fit to do so. We see no ambiguity in the matter, but, if there were, under the settled rule of this court, we would be bound to construe the clause most strongly against appellant.

The reinstatement clause above set out was a part of the contract giving the right so to do to the insured and could not arbitrarily be refused by appellant, if said clause were complied with. Appellant can not, by

reason thereof, engraft on the contract a new condition or otherwise restrict its liability by conditions not contained therein. *New York Life Ins. Co.* v. *Adams,* 151 Ark. 123, 235 S. W. 412; *Security Life Ins. Co.* v. *Leeper,* 171 Ark. 77, 284 S. W. 12; *Equitable Life Assurance Soc.* v. *King,* 178 Ark. 293, 10 S. W. (2d) 891.

In the Leeper case, *supra,* there was a lapse by reason of failure to pay a premium, but was reinstated on application made a few days later. The application for reinstatement recited an agreement that, "in the event of self-destruction, whether sane or insane, within one year from the date of approval by the company of this application for reinstatement, the amount payable as a death benefit under said policy shall be equal to two annual premiums on said policy, and no more." Leeper committed suicide within a year from the date of reinstatement, and the company defended on the ground of suicide. This court held that the case was ruled by the Adams case, *supra,* and said: "The only provision in the policy now before us with respect to suicide related to the period running from the date of the original policy, and, since the policy gave an absolute right of reinstatement upon terms which did not include a new contract with reference to suicide, appellant had no right to impose that additional feature upon the insured in procuring reinstatement." In the case now under consideration, the application for reinstatement, if one, was silent in this respect, but, even had it so provided, it would not be effectual to accomplish the purpose for which appellant contends in the absence of such a provision in the policy itself.

Appellant also contends that it should not be taxed with the penalty and attorney's fee imposed by statute because it says it defended in good faith, the question involved not having been heretofore decided by this court. As we have already seen, the question litigated had been decided, but, assuming appellant defended in good faith, this does not excuse it from the plain provisions of the statute. *Security Ins. Co.* v. *Smith,* 183 Ark. 254, 35 S. W. (2d) 581; *Mut. Life Ins. Co.* v. *Marsh,* 185 Ark. 332, 47 S. W. (2d) 585, where we expressly refused to follow

the Circuit Court of Appeals in *Standard Acc. Ins. Co.* v. *Rossi*, 35 Fed. (2d) 667, and *Inter-Southern Life Ins. Co.* v. *McElroy*, 38 Fed. (2d) 557. This question is now settled, and we decline to reconsider the matter.

Affirmed.