## Datesman v. Federal Life Ins. Co.

*Fuhrman, Graham & Fuhrman*, for plaintiff.
*Harry S. Ambler, Jr.*, for defendant.

FLOOD, J., May 1, 1939.—This case presents a problem of first impression in this State. It comes before us upon a rule for judgment on the pleadings.

Plaintiff brought suit as the beneficiary of a life insurance policy insuring the life of her son, who committed suicide. She asks for the face value of the policy. The policy was issued in 1928, and contains a two-year incontestability clause and a provision limiting defendant insurance company's liability to the return of premiums if the insured should die by suicide within two years. The policy lapsed, but, pursuant to a reinstate-

ment clause, it was reinstated on May 13, 1937. The application for reinstatement provided that the policy would be incontestable after two years from the date of reinstatement. The date of the suicide was September 10, 1938. We must determine whether the two-year suicide clause runs from the original date of the policy, 1928, which would permit recovery of the full value of the policy, or from the date of reinstatement, 1937, which would bar it.

The relevant parts of the policy, dated June 29, 1928, follow:

"This policy shall be incontestable after it shall have been in force during the lifetime of the Insured for two years from its date except for non-payment of any premium and except for violation of its conditions in regard to military or naval service in time of war. . . ."

"If within the two years from the date hereof the Insured shall die by his own act . . . the liability of the Company shall be limited to the premiums actually paid thereon."

"At any time after any default, this policy will be reinstated upon written application therefor, subject to evidence of insurability . . . , any indebtedness existing . . . , and the payment of past due premiums with interest . . ."

The application for reinstatement, which was approved May 13, 1937, contains this clause:

"I (the insured) further agree that said policy, if reinstated, shall be deemed . . . incontestable after it shall have been in force during my lifetime for two years from the date of such reinstatement, (except for non-payment of my premium)."

It is important at this point to notice the applicable provisions of The Insurance Company Law of May 17, 1921, P. L. 682, sec. 410(k), 40 PS §510(k), which was in effect at the date of the issuance of this policy. This section provides that no policy of life insurance shall be issued unless it contains in substance the following:

"A provision that the holder of a policy shall be entitled to have the policy reinstated, at any time within three years from the date of default in premium payments, unless the policy has been duly surrendered or the extension period expired, upon the production of evidence of insurability satisfactory to the company, and the payment of all overdue premiums and any other indebtedness to the company upon said policy, with interest at the rate of not exceeding six per centum per annum."

1. As we have said, there is no controlling precedent in this jurisdiction. However, the few decisions elsewhere have all permitted recovery, holding that the suicide clause runs from the original date of the policy rather than from the date of reinstatement: Business Men's Assurance Co., etc., v. Scott, 17 F.(2d) 4 (C. C. A. 8th, 1927), cert. den., 275 U. S. 531 (1928); Tatum v. Guardian Life Ins. Co., 75 F.(2) 476 (C. C. A. 2d, 1935); Mutual Life Ins. Co. of N. Y. v. Lovejoy, 201 Ala. 337, 78 So. 299 (1917), 203 Ala. 452, 83 So. 591 (1919); Life & Casualty Ins. Co., etc., v. McCray, 187 Ark. 49, 58 S. W.(2d) 199 (1933), aff'd, 291 U. S. 566, 292 U. S. 600 (1934); Johnson v. Federal Life Ins. Co. (Iowa, 1937), 276 N. W. 595. See also Morse v. General American Life Ins. Co., 130 Neb. 37, 263 N. W. 676 (1935).

These cases generally proceed upon the ground that reinstatement does not create a new contract, but merely revives the temporarily languishing policy and continues it from the date of original issue. The analogy is with resuscitation, not reincarnation. Cf. National Life & Accident Ins. Co. v. Kessler, 120 Pa. Superior Ct. 277, 281 (1935).

Although Judge Learned Hand, who wrote the Tatum opinion, approved this theory, he felt himself constrained by the language of other decisions to regard the reinstated policy as having a new inception at the time of reinstatement. Nevertheless he reached the same ultimate result, because "it by no means follows that in construing it [the policy] we must read it as though it spoke

throughout from that date . . . *the defence of suicide was limited to one year from 'the date hereof'; that is, the date upon the policy."* (Italics supplied.) The present policy is similarly worded, and in our view the same result must follow whether one rationale or the other be used.

2. Even if we were to read into the reinstated policy what obviously is not there, a new suicide limitation beginning in 1937, its enforceability is doubtful. The original policy granted the insured the right, upon certain payments, to have the policy reinstated unconditionally. No consideration passes to the insured for the new advantage which would be given to the company, and it is, for that reason, void. See Mutual Life Ins. Co. of N. Y. v. Lovejoy, supra, Security Life Ins. Co. v. Leeper, 171 Ark. 77, 284 S. W. 12 (1926), and Missouri State Life Ins. Co. v. Hearne (Court of Civ. App. of Tex. 1920), 226 S. W. 789.

Moreover, this new limitation would contravene the statute above quoted, because the company, under the reinstatement provision required by that act, could not add conditions other than those allowed by the act. This is not one of them. The only allowable conditions under the act are (1) payment of back premiums, indebtedness, and interest, and (2) evidence of insurability at the time of the reinstatement of the insured.

3. Our Supreme Court has decided that the incontestability period does begin afresh at reinstatement insofar as misrepresentations inducing the reinstatement are concerned: Kanatas v. Home Life Ins. Co., etc., 325 Pa. 93 (1937). See Smith v. State Mutual Life Assurance Co., etc., 321 Pa. 17, 23, 25 (1936). The law throughout the United States is divided. See the cases collected in 94 A. L. R. 1200 (1935). We do not think that the Kanatas case militates against the result we reach here, since there the court was concerned only with fraudulent misstatements inducing the reinstatement. Fraud affects courts powerfully, and as Judge Hand wrote in overcoming the same difficulty in the Tatum case (p. 478), "it

would force beyond all reason the meaning of the incontestability clause to say that it barred a fraud which did not even exist when the policy became incontestable." That consideration has no application to the suicide clause.

4. Defendant argues that the suicide clause should be read into the incontestability clause by implication, saying that since the reinstatement application provides for an additional two-year period of incontestability, suicide should also be a defense during the two more years. On the contrary, it seems to us that the two clauses are separately written and clearly appear to have quite different objects. One does not come within the other. See Johnson v. Federal Life Ins. Co., supra.

The incontestability clause is for the protection of the insured. It is in the nature of a rule of evidence and prevents the insurer from raising certain defenses after the expiration of the two-year period. It is a real private statute of limitations. The suicide clause, on the other hand, is for the benefit of the insurer, since without it the insurer would be liable to pay the amount of the policy on the death of the insured from suicide as well as from any other cause. Compare Morris v. State Mutual Life Assurance Co., etc., 183 Pa. 563 (1898). The suicide clause is not a rule of evidence, but a definite restriction of the ambit of the contract during the first two years of its life.

It has been held, in a somewhat different connection, that the incontestability clause does not affect the suicide clause: Starck, Admr., v. Union Central Life Ins. Co., 134 Pa. 45 (1890); Hall v. Mutual Reserve Fund Life Assn., 19 Pa. Superior Ct. 31 (1902). See the cases collected in 55 A. L. R. 549 (1928). In the Starck and the Hall cases it was the company that was benefited. A fortiori, the same construction should be applied where it will aid the policyholder, for a contract of insurance will in a doubtful case be so construed as to protect him and the doubt will be resolved in his favor.

The questions of law raised in plaintiff's reply in lieu of demurrer to defendant's new matter are resolved in favor of plaintiff and against defendant, and judgment is hereby entered for plaintiff for want of a sufficient affidavit of defense.