**JOHN HANCOCK MUT. LIFE INS. CO. OF BOSTON, MASS. v. MUNN et al.**

No. 14242.

United States Court of Appeals
Eighth Circuit.
April 19, 1951.

William M. Clark, Little Rock, Ark. (House, Moses & Holmes, Little Rock, Ark., were with him on the brief), for appellant.

Surrey E. Gilliam, El Dorado, Ark. (W. R. McHaney, Smackover, Ark., was with him on the brief), for appellee Ora V. Robison.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment entered on the pleadings in favor of Ora V. Robison, a citizen of Louisiana, against the John Hancock Mutual Life Insurance Company, of Boston, Massachusetts. The judgment determined that the Company was liable under two policies upon the life of her husband, Howard P. Robison, of Smackover, Arkansas, who died October 5, 1949. She was, at the time of her husband's death, the beneficiary in each of the policies. One of the policies was for $1,000 and was issued June 4, 1947, upon an application of the insured dated May 7, 1947. The other policy was for $6,000 and was issued May 7, 1947, upon an application of that date made by "Home Ice Co.", for which the insured was manager. Prior to the death of the insured, each policy had, within two years from the date it was issued, lapsed more than once for nonpayment of premiums and had, after each lapse, been reinstated.

After the death of the insured, two actions were brought in state courts of Arkansas involving the liability of the Insurance Company upon the policies. One was brought by E. J. Munn, a citizen of Arkansas, against Ora V. Robison to recover a personal judgment against her for $4,500 and the foreclosure of a mortgage allegedly covering the $6,000 policy and other property. Munn asserted that the Insurance Company was indebted to Ora V. Robison on that policy, which he alleged had been assigned to him as security for a loan to the insured. He garnished the Insurance Company. That raised the issue of the Company's liability under both policies. The second state court action was brought by Ora V. Robison against the Company to recover upon the $6,000 policy. The Company removed both actions to the Federal Court. Jurisdiction is based upon diversity of citizenship and the existence of adverse claims to the proceeds of both policies.

By the time the pleadings were closed, the claims of the parties were substantially as follows: The Insurance Company claimed that it was entitled to a declaration of nonliability except for the return of premiums (paid into court), on the ground that the reinstatements of each of the policies after lapse had been procured by fraud and breach of warranty of the insured. Ora V. Robison denied that the insured had been guilty of fraud or breach of warranty in procuring the reinstatements of either of the policies. She asserted that the policies were Arkansas contracts which had become incontestable, and that she was entitled to judgment for the face of each policy with interest, statutory penalties and attorney's fees. Munn disclaimed any interest in the $1,000 policy, asserted that the Company was liable on both policies, and that he was entitled to share in the benefits of any judgment recovered on the $6,000 policy.

The cases were consolidated for trial. Ora V. Robison moved for judgment on the pleadings. The District Court concluded: (1) that both policies were Arkansas contracts; (2) that, under Arkansas law, the period of contestability ran from the date of the issuance of the policies, regardless of lapses and reinstatements, and that it had expired prior to the death of the insured; (3) that the defense of fraud and breach of warranty in the procurement of the reinstatements was not available to the Compa-

ny, and that, under the facts admitted by the pleadings, it was liable upon each of the policies for its face amount with interest, statutory penalties, and attorney's fees; and (4) that the amount of the judgment on the $6,000 policy should be paid by the Company into the registry of the court to be held pending the disposition of the controversy between Munn and Ora V. Robison in the state court from which that controversy had been removed and to which it was remanded.

The Insurance Company contends that the court erred in concluding: (1) that the validity of the reinstatements of the policies was to be determined by Arkansas law, (2) that the $6,000 policy was an Arkansas contract and not a Massachusetts contract, and (3) that the reinstatements were not contestable for fraud or breach of warranty, under Arkansas law.

■ It is conceded that Arkansas follows the rule that the law of the place where a contract has been completed governs the rights of the parties to it. State Mutual Fire Insurance Association v. Brinkley Stave & Heading Co., 61 Ark. 1, 31 S.W. 157, 158, 29 L.R.A. 712; Massachusetts Protective Association of Worcester, Mass. v. Oden, 186 Ark. 844, 56 S.W.2d 425, 426.

The $1,000 policy was admittedly an Arkansas contract at its inception, since it did not, by its terms, become effective until delivered to the insured in Arkansas. The Insurance Company contends, however, that the reinstatements of the policies in suit, which were completed at its Home Office in Boston, Massachusetts, were governed by the laws of that state and are contestable, by the terms of the reinstatements, both under Massachusetts law and Arkansas law.

The Insurance Company also contends that the incontestable clauses of the policies differ materially from the incontestable clauses which the Supreme Court of Arkansas had before it in cases in which it held that the contestable period dated from the issuance of the policy and precluded any controversy, initiated after the expiration of the contestable period,

with respect to the validity of a reinstatement.

The incontestable clause of each of the policies, so far as pertinent, reads as follows: "This policy * * * shall be incontestable after it has been in force during the lifetime of the Insured for two years from its date of issue, except for non-payment of premium * * *."

With respect to reinstatement, each of the policies provides: "At any time after default * * * in payment of premium * * * this policy may be reinstated upon production of evidence of insurability satisfactory to the Company * * *."

Each of the forms upon which the insured applied for reinstatements of the policies, after lapse, declared that, since the first premium in default became due, he had had no injury, ailment, illness or disease, or been treated by a physician or any other practitioner. The applications also contained an agreement that if any declaration was untrue, a reinstatement of the policy should not be effective, and provided that "The terms and the conditions of the incontestable provision in said policy shall apply to a reinstatement thereof made upon this application, but the period of time specified in said provision shall run from the effective date of the reinstatement endorsed hereon."

■ It is settled law in Arkansas, as the District Court pointed out, that the reinstatement of a life policy is not a separate contract, that it merely revives and restores the original policy, and that the subsequent rights of the parties are measured by the terms of the policy alone. New York Life Insurance Co. v. Campbell, 191 Ark. 54, 83 S.W.2d 542, 544; New York Life Insurance Co. v. Dandridge, 202 Ark. 112, 149 S.W.2d 45, 48, 134 A. L.R. 1519.

■ It is also the law in Arkansas that an insurer may not enlarge the terms upon which a reinstatement of a life policy can be obtained beyond those which are provided for in the reinstatement clause of the policy. New York Life Insurance Co. v. Adams, 151 Ark. 123, 235 S.W. 412, 414; Security Life Insurance

Co. v. Leeper, 171 Ark. 77, 284 S.W. 12, 13; Life & Casualty Insurance Co. of Tennessee v. McCray, 187 Ark. 49, 58 S.W.2d 199; Illinois Bankers' Life Association v. Hamilton, 188 Ark. 887, 67 S.W.2d 741, 744, 94 A.L.R. 1194; New York Life Insurance Co. v. Campbell, supra, page 544 of 83 S.W.2d; New York Life Insurance Co. v. Dandridge, supra, page 47 of 149 S.W.2d. This means, as we understand it, that when an Arkansas policy contains a reinstatement clause such as that in suit, the policy, if reinstated at all, is to be regarded as having been reinstated unconditionally.

■ Under the law of Arkansas, where a policy of life insurance contains a clause providing "This policy shall be incontestable after two years from its date of issue," the expiration of two years from the date of the issue of the policy renders the policy and any reinstatement of it incontestable.

In New York Life Insurance Co. v. Campbell, supra, page 544 of 83 S.W.2d, the Arkansas Supreme Court said: "The original contract does not give to the insurer the right to contest reinstatements effected through fraud subsequent to two years from the date of the issuance of the policy and this suffices to answer all contentions advanced in this behalf." The Insurance Company believes that a different rule should be applied in the instant case because the incontestable clauses involved required that the policies, to be incontestable, must have been in force for two years from date of issue, and the lapses and reinstatements took place within the contestable period. Since in Arkansas, in order to determine whether a life policy is contestable, recourse can, apparently, be had only to the policy and since the contestable period runs from the date of issue, it seems to us highly improbable that the Supreme Court of Arkansas would hold that policies such as those in suit, or the reinstatements of them, were contestable because the policies had not been continuously in force during the two-year contestable period.

It is apparent that the purpose of the form of incontestable clause here involved is to prevent the possibility of the contestable period extending beyond the death of an insured who dies within that period, thus obviating the necessity of an insurer with a good defense having to sue in equity for the cancellation of the policy. See, in this connection, Jefferson Standard Life Insurance Co. v. Smith, 157 Ark. 499, 248 S.W. 897, 898; Missouri State Life Insurance Co. v. Cranford, 161 Ark. 602, 257 S.W. 66, 31 A.L.R. 93; American National Insurance Co. v. Stutchman, 208 Ark. 1023, 185 S.W.2d 284.

■ It is our opinion that with respect to the liability of the Insurance Company upon the $1,000 policy, the District Court, to say the least, reached a permissible conclusion as to a question of local law, which is possibly still open to debate. That conclusion we would not be justified in disturbing. See Western Casualty & Surety Co. v. Coleman, 8 Cir., 186 F.2d 40, 43; Buder v. Becker, 8 Cir., 185 F.2d 311, 315, and cases cited. This Court may not concern itself with the question whether the applicable Arkansas law is sound or unsound.

With respect to the $6,000 policy, Ora V. Robison concedes that it is a Massachusetts contract unless, as she contends and as the District Court determined, the policy as delivered by the Insurance Company to the Home Ice Co. in Arkansas was materially different from the policy which had been applied for.

The application for the $6,000 policy provided that if the application, including "Part B", was approved by the Insurance Company at its Home Office, "the insurance applied for shall be in force as of date of completion of said Part B." The application was accompanied by "Part B— Statement of Medical Examiner," dated May 7, 1947, with a check for the first instalment of premium. The application was approved at the Home Office of the Company, and the policy was issued as of the date of "Part B".

In the application for the $6,000 policy, the Home Ice Co., of Smackover, Arkansas, the employer of the insured, was both the applicant and the designated beneficiary. The right to change the beneficiary

was expressly reserved in the application. No form or type of life policy in any particular wording was applied for.

By the express terms of the policy which was issued, it and the application constituted the entire contract. The policy contained the following provision relative to change of beneficiary: "If the right has been reserved, the beneficiary, unless there is an existing assignment of this policy, may be changed from time to time by written notice on forms satisfactory to the Company, filed at its Home Office. Such change shall take effect only upon endorsement hereon, but when so endorsed shall be operative as of the date on which such notice was signed, whether or not the Insured be alive at the time of such endorsement."

■ In order to show why Ora V. Robison contends that the policy delivered was not the policy applied for, we quote that part of the first page of the policy upon which her contention is based:

"No. 4483188          Amount $6,000
"The
John Hancock
Mutual
Life Insurance Company
of Boston, Massachusetts
hereby insures the life of
Howard P. Robison
during the term of five years from the date hereof and agrees to pay Six Thousand Dollars, the sum insured, less any unpaid balance of premium for the uncompleted policy year; upon receipt of due proof on the Company's prescribed forms, of the death of the Insured while the policy is in full force, and upon its surrender, at the Company's Home Office in Boston, subject to the conditions and the provisions hereinafter recited, to Home Ice Co.

Beneficiary Changed
See Endorsement   if living, or to such other beneficiary as may be finally substituted under the conditions hereof, or if no beneficiary be then living, then to the executors or the administrators of the Insured."

She asserts that the words through which a line was drawn substantially changed or affected the right reserved to the insured in the application to change the beneficiary, and that therefore the policy was not a complete contract until it was received by the Home Ice Co. in Arkansas and accepted by it. It is apparent that the words stricken from the policy were not appropriate for use where the beneficiary was an ice company. It is not conceivable to us that the elimination of those words affected in any way the right of the insured to change the beneficiary which was clearly reserved in the application and provided for in the policy itself.

On December 10, 1947, the policy was assigned by the Home Ice Co. to Howard P. Robison, the insured. The assignment was filed with the Insurance Company on December 26, 1947. The Insurance Company on that day certified "that on December 11, 1947, Wife, Ora V. Robison if living, otherwise, daughter Peggy J. Robison, was nominated as revocable beneficiary" under the policy.

■ There is, we think, no basis for a conclusion that the $6,000 policy was not in every respect the policy applied for or that it did not become completely effective when issued at the Home Office of the Insurance Company in Boston, Massachusetts. The policy was a Massachusetts contract.

The law of Massachusetts governing the rights of an insurer to contest a reinstatement of a life policy for fraud and breach of warranty is very different than that of Arkansas. See Umans v. New York Life Insurance Co., 259 Mass. 573, 156 N.E. 721, and Shurdut v. John Hancock Mutual Life Insurance Co., 320 Mass. 728, 71 N.E.2d 391, 392–393 and cases cited. The Insurance Company is entitled to have its rights and liabilities with respect to the $6,000 policy and the reinstatements of that policy determined in accordance with the applicable substantive law of Massachusetts. What that law is will be for the District Court initially to determine.

The judgment appealed from, in so far as it determines the liability of the Insurance Company under the $1,000 policy, is affirmed. In so far as the judgment determines that the Company is liable under the $6,000 policy, it is reversed. The District Court is directed to try on the merits and under the substantive law of Massachusetts the issues of fraud and breach of warranty in the procurement of the reinstatements of the $6,000 policy.